UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHURAM RAJA,<br><br>    Petitioner,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>    Respondents. | No. 2: 19-cv-0051 MCE KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a former state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2015, petitioner plead no contest to one count of lewd act with a child in violation of California Penal Code § 288(a). (ECF No. 1 at 7.) Petitioner was sentenced to 6 years imprisonment. (Id.) Petitioner raises one claim: the statute of limitations lapsed on the charge, so that his conviction and sentence were beyond the jurisdiction of the trial court.

    Pending before the court is respondent's motion to dismiss on the grounds that this action is barred by the statute of limitations. (ECF No. 13.) For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

////

////

II. Discussion

    A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. Title 28 U.S.C. § 2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because petitioner did not appeal, his conviction became final when the time for filing an appeal expired sixty days after his November 25, 2015 criminal judgment. See ECF No. 14-1 (abstract of judgment); see Cal. Rule of Court 8.308(a) (notice of appeal must be filed within 60 days of criminal judgment); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (California conviction become final 60 days after judgment if not appealed). Therefore, petitioner had one year from January 24, 2016, i.e. until January 25, 2017, to file a timely federal petition. The instant action, filed December 17, 2018, pursuant to the mailbox rule, is not timely, unless petitioner is entitled to statutory or equitable tolling.

For the reasons stated herein, the undersigned also finds that petitioner's filing of a request to file a late appeal in state court did not extend the finality of petitioner's conviction.

////

On August 16, 2016, petitioner filed a request to file an appeal more than 60 days after sentencing with the California Court of Appeal. (ECF No. 14-2.) On October 6, 2016, the California Court of Appeal denied this request. (ECF No. 14-3.) For the reasons stated herein, the undersigned agrees with respondent that petitioner's request to file the late appeal did not extend the finality of petitioner's conviction.

In <u>Randle v. Crawford</u>, the Ninth Circuit found that the dismissal of an appeal as untimely did not constitute "the conclusion of direct review" pursuant to § 2244(d)(1)(A). <u>Randle v. Crawford</u>, 604 F.3d 1047, 1054 (9th Cir. 2010). "If the one-year statute of limitations period were made contingent on the resolution of petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such a notice until after the normal expiration date." (<u>Id.</u>) "Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions." <u>Id.</u>, citing <u>Bethea v. Girdich</u>, 293 F.3d 577, 578-79 (2d Cir. 2002).

In <u>Bethea v. Girdich</u>, the Second Circuit "faced an analogous situation…where it determined whether a state court's decision on a motion to extend the time to appeal or to file a late notice of appeal 'restarted' the one-year limitations period for purposes of federal habeas review." <u>Id.</u>, citing <u>Bethea v. Girdich</u>, 293 F.3d at 578. The Second Circuit "ruled that such a decision does not restart the limitations period…" <u>Id.</u>, citing <u>Bethea v. Girdich</u>, 293 F.3d at 578.

Pursuant to <u>Randle v. Crawford</u> and <u>Bethea v. Girdich</u>, the undersigned finds that petitioner's request to file a late appeal did not extend the finality of petitioner's conviction.

In his motion to file an untimely appeal, petitioner argued that he relied on his trial counsel to file a timely and procedurally correct appeal, and this was not done. (ECF No. 14-2 at 2.) In <u>Randle v. Crawford</u>, the Ninth Circuit found that calculating the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(B) was not warranted based on trial counsel's failure to file a timely appeal. <u>Id.</u> at 1055. The Ninth Circuit found that the petitioner had not shown that his counsel's failure to file a direct appeal delayed the filing of his state habeas action. <u>Id.</u> "Randle does not explain why he could not file his state habeas petition while awaiting the outcome of his request for leave to file an out-of-time direct appeal." <u>Id.</u>

3

In the instant case, petitioner filed his first state habeas petition in the San Joaquin County Superior Court on September 14, 2017. (ECF No. 14-4 at 75.) Petitioner has not shown that his counsel's failure to file a direct appeal delayed the filing of his first state habeas action, which petitioner filed approximately 11 months after the California Court of Appeal denied his motion to file the late appeal. Accordingly, calculating the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(B) is not warranted.

B. Statutory Tolling

The proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2).

Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the San Joaquin County Superior Court on September 14, 2017. (ECF No. 14-4.) Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Court of Appeal on February 1, 2018. (ECF No. 14-6.) Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Supreme Court on May 3, 2018. (ECF No. 14-8.)

Petitioner is not entitled to statutory tolling because his three state habeas petitions were filed after the statute of limitations ran on January 25, 2017. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (a state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(1).)

C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653.

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the

extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). This is a very high threshold, "lest the exception swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, "'[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Loft v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Petitioner makes no argument for equitable tolling. However, petitioner may be arguing for equitable tolling based on his trial counsel's failure to file a notice of appeal. In the motion to file the late appeal, petitioner argued that he relied on his trial counsel to file a timely and procedurally correct notice of appeal, and that was not done. (ECF No. 14-2 at 2.) For the reasons stated herein, the undersigned finds that petitioner is not entitled to equitable tolling based on trial counsel's failure to file a notice of appeal.

Although the Ninth Circuit has recognized that "where an attorney's misconduct is sufficiently egregious it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations," Spitsyn v. Moore, 345 F.3d 796, 800 (2003), an attorney's mistake or negligence does not constitute an extraordinary circumstance justifying equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010) (as amended) (counsel's failure to perfect appeal and incorrect advice regarding state filing deadlines did not prevent petitioner from filing a timely federal petition); Loza v. Soto, 2014 WL 1271204, at *5 (C.D. Cal. Mar. 26, 2014) (counsel's failure to file a petition for review did not constitute an extraordinary circumstance to justify equitable tolling); Hollis v. Allison, 2012 WL 218930, at *5 (E.D. Cal. Jan. 24, 2012) (petitioner's claim that his trial attorney failed to inform him in a timely fashion of his right to appeal did not constitute gross or extraordinary misconduct).

////

"[T]he failure of counsel to file an appeal on Petitioner's behalf constitutes nothing more than ordinary negligence and is not a circumstance beyond Petitioner's control." Greene v. Cate, 2009 WL 5280657, at *6 (C.D. Cal. Dec. 31, 2009) (citation omitted); Sandahl v. Davis, 2015 WL 391876, at *4 (C.D. Cal. Jan. 28, 2015). Petitioner has not shown that his attorney's conduct was sufficiently egregious or that counsel's conduct prevented him from timely filing a federal habeas petition. See Ramirez v. Yates, 571 F.3d 993, 997 (2009) (petitioner must show that "the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time" (internal quotation marks, brackets, and citations omitted)). Petitioner has not demonstrated any causal connection between his counsel's failure to file an appeal and his failure to timely file his federal habeas petition. Sandahl, 2015 WL 391876, at *4. Rather, "[c]ounsel's failure to perfect an appeal simply meant that [Petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing the petition." Randle, 604 F.3d at 1058.

For the reasons discussed above, petitioner is not entitled to equitable tolling based on trial counsel's failure to file a timely appeal.

D. Actual Innocence

In his opposition to the pending motion, petitioner argues that his actual innocence allows the court to bypass timeliness to consider the merits of his petition. The undersigned considers this argument herein.

*Legal Standard*

"[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),] gateway and have his constitutional claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2012). The Supreme Court held in Schlup, that a habeas petitioner who makes a "colorable claim of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional

claim[s] considered on the merits." Schlup, 513 U.S. at 314-15.

To invoke the miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. McQuiggin, 569 U.S. at 386. This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324

*Discussion*

For the following reasons, the undersigned finds that petitioner has not demonstrated that he is entitled to the miscarriage of justice exception to AEDPA's statute of limitation. See Sclup v. Delo, 513 U.S. at 329 (petitioner bears the burden of proving that, "in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.")

Respondent is correct that petitioner's underlying claim does not allege factual innocence. Rather, petitioner argues that procedural rules prevent his conviction, i.e., he is legally innocent. As discussed above, the miscarriage of justice exception is concerned with actual, and not legal, innocence. However, in the petition, petitioner argues that evidence exists demonstrating his factual innocence. Accordingly, the undersigned addresses this argument herein.

In the petition, petitioner alleges that in 2014, his daughter falsely told police that petitioner had raped her. (ECF No. 1 at 25.) Petitioner alleges that the charges against him for raping his daughter were dropped after the prosecution received information that his daughter had admitted to family members that she falsely accused petitioner of raping her in retaliation for him cutting her off financially. (Id.)

Later in 2014, after the charges against his daughter were dropped, petitioner was charged with several offenses against his step-daughter. (Id. at 26.) Petitioner claims that his daughter "solicited" his step-daughter to make these accusations. (Id.) The alleged inappropriate

7

"touchings" against petitioner's step-daughter occurred in October 23, 1998 or 1999. (Id.) Petitioner argues that these allegations were "impossible" because petitioner did not meet his step-daughter's mother until late 2000. (Id.) Petitioner argues that his step-daughter did not mention his acts to her school counselor, her mother or friends. (Id.) Petitioner also claims that his step-daughter was receiving psychological care and receiving mind altering psychotropic drugs at the time she made her allegedly false statements to the police. (Id.) Petitioner alleges that his daughter knew that his step-daughter took these drugs but failed to disclose this fact to the police. (Id.)

Petitioner also alleges that his step-daughter was motivated to make the false accusation because petitioner was strict with her. (Id.) Petitioner claims that his ex-wife "promoted" the false accusations in order to create an opportunity for her (petitioner's ex-wife) to steal one million three hundred dollars from petitioner, which she did within days after petitioner's arrest. (Id.) Petitioner alleges that his daughter and step-daughter also stole money from petitioner and his brother. (Id.)

For the reasons stated herein, the undersigned finds that petitioner has not demonstrated that the evidence discussed above constitutes "new" evidence. "New" evidence is "relevant evidence that was either excluded or unavailable at trial." Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

When petitioner pled no contest, evidence of when petitioner met his ex-wife was surely available, as petitioner himself must have known this information. Petitioner has not demonstrated that at the time he pled no contest, evidence that his step-daughter had not mentioned his conduct to her school counselor, mother or friends was not available. Instead, this evidence was very likely available at the time petitioner pled no contest. In addition, petitioner admits that at the time of his conviction, petitioner knew that his ex-wife had allegedly stolen from him, as the alleged theft occurred within days of his arrest. Therefore, this evidence is not "new."

Petitioner does not allege or otherwise demonstrate that evidence that his step-daughter took psychotropic medication and that she and his daughter stole from him was unavailable at the

8

time he pled no contest.  For this reason, petitioner has not met his burden of demonstrating that this evidence is "new."

The undersigned also finds that petitioner's delay in raising his actual innocence claim undermines the credibility of this claim.  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" for the miscarriage of justice exception.  McQuiggin v. Perkins, 569 U.S. at 399.  Petitioner raised the same actual innocence claim he now raises in the habeas petition filed in the San Joaquin Superior County Court on September 14, 2017.  (ECF No. 14-4.)  Petitioner does not explain why he waited 11 months after the California Court of Appeal denied his motion to file a late appeal to raise his actual innocence claim in state court.  Although this delay is not substantial, this delay undermines the credibility of petitioner's actual innocence claim.

Finally, petitioner's no-contest plea tends to refute his actual innocence claim.  See Brown v. Miller, 2015 WL 269057, at *7 (C.D. Cal. Jan. 15, 2015) (the Schlup actual-innocence standard "does not readily lend itself to" petitioners who plead guilty); Smith v. Baldwin, 510 F.3d 1127, 1139-40, 1140 n.9, 1141 (9th Cir. 2007) (en banc) (noting "potential incongruity" between "purpose" of Schlup's actual-innocence gateway and "its application to cases involving guilty (or no contest) pleas"; nevertheless applying Schlup standard to petitioner who pleaded no contest to felony murder and concluding that he had not met it).

For the reasons discussed above, the undersigned finds that petitioner has not demonstrated that he has a credible claim of actual innocence.  See McQuiggin v. Perkins, 569 U.S. 383, 387 (2013) ("tenable actual-innocence gateway pleas are rare…").

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Raja51.mtd